



## MEMORANDUM OPINION

No. 04-12-00394-CR

Rene **GUERRERO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR4356W
Honorable Angus McGinty, Judge Presiding

PER CURIAM

Sitting:     Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:  August 15, 2012

DISMISSED

On July 6, 2012, this court issued an order stating this appeal would be dismissed

pursuant to Rule 25.2(d) unless an amended trial court certification that shows appellant has the

right of appeal was made part of the appellate record on or before August 6, 2012.  *See* TEX. R.

APP. P. 25.2(d), 37.1; *see also Daniels v. State*, 110 S.W.3d 174, 175-76 (Tex. App.—San

Antonio 2003, order).   Appellant's counsel filed a response in which he states that he has

reviewed the clerk's record and "can find no right of appeal" for appellant; counsel concedes that

the appeal must be dismissed. In light of the record presented, we agree with appellant's counsel that Rule 25.2(d) requires this court to dismiss this appeal. TEX. R. APP. P. 25.2(d). The record does not contain a certification that shows the appellant has the right of appeal; to the contrary, the trial court certification in the record states "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the appellant; therefore, the clerk's record supports the trial court's certification that the appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

Do not publish